UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-847 |
| | § | |
| HAZEL LUSK, *et al*, | § § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Southern Farm Bureau Life Insurance Company's ("Plaintiff") Application for Attorney's Fees and Costs. (Doc. 50). Defendants Hazel Lusk, Ron E. Lehrmann, and Robert W. Lehrmann, Jr. (collectively, "Defendants") have not filed a response, which, pursuant to Local Rule 7.4, is taken as a representation of no opposition.

On March 6, 2014, this Court entered its Opinion and Order (Doc. 48) granting Plaintiff's request for interpleader pursuant to Federal Rule of Civil Procedure 22 and ordering Plaintiff to deposit the interpleaded funds into the Registry of the Court. In addition, the Court held that Plaintiff was entitled to reasonable attorney's fees and ordered Plaintiff to file a request for a specific amount with supporting documentation within twenty (20) days of the March 6 Order. Plaintiff timely submitted its application for attorney's fees and costs with supporting documentation. (Doc. 50). Plaintiff requests $13,367.50 for attorney's fees and $1,156.00 for expenses.

The fee award in an interpleader action is typically modest because "all that is necessary is the preparation of a petition, the deposit in the court or posting of bond, service on the claimants, and the preparation of an order discharging the stakeholder." 7 Charles Alan Wright,

et al., Federal Practice & Procedure Civ. § 1719 (3d ed. 1998).  The Fifth Circuit has articulated specific factors for courts to consider in making awards of attorney's fees in certain types of cases (e.g., civil rights actions, ERISA actions).  In interpleader actions, however, the Fifth Circuit requires only that the award be reasonable.  *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 468 (5th Cir. 1971).  Commentators suggest five factors relevant to determining the reasonableness of a fee award in an interpleader case: (1) whether the case is simple; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings.  7 Charles Alan Wright, et al., Federal Practice & Procedure Civ. § 1719 (3d ed. 1998).

Here, the Court finds that Plaintiff is a disinterested stakeholder who acted at all times in good faith and with reasonable diligence.  Defendant Hazel Lusk, however, improperly protracted the proceedings by pursuing a meritless counterclaim against Plaintiff, thereby increasing the fees and costs Plaintiff incurred.  The case was further complicated by the pending guardianship proceeding involving the named beneficiary, Defendant Lusk.  All Defendants interjected issues related to Lusk's guardianship into this case, further increasing the fees.  In addition, Plaintiff's counsel did perform unique services in this matter when he attended a mediation at Defendants' request on January 6, 2014.

In support of its fee application, Plaintiff has submitted the affidavit of I. Ray Kerlick, a partner, and time and expense details of his hours, billed at hourly rates of $225.00 and $250.00 and those of Becky Saucedo, presumably an associate, billed at $105.00.  (Doc. 50-1).  Mr. Kerlick billed 46.75 hours on the matter and Ms. Saucedo billed 16.00 hours.  (*Id.*).  Given the record in this case, the Court finds 62.75 billable hours to be a reasonable total and the billable

rates to be reasonable based on the experience of the lawyers and the complexity of the case; thus, the awarded attorney's fees equal $13,367.50.  The addition of $1,156.00 in expenses brings the total to $14,523.50.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Application for Attorney's Fees and Costs (Doc. 50) is **GRANTED** in the amount of **$14,523.50**.  It is further

**ORDERED** that Plaintiff shall withdraw **$14,523.50** from the proceeds of the Policy currently totaling $103,542.57, and within ten (10) days of the signing of this Order, Plaintiff shall deposit the remaining proceeds of the Policy into the Registry of the Court by issuing a payment by check or money order to "U.S. Clerk for the Southern District of Texas."  It is further

**ORDERED** that Plaintiff is hereby **DISMISSED** from this case with prejudice.

SIGNED at Houston, Texas, this 24th day of April, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE